UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ROBERT BARROR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ST. HELENS and ADAM RAETHKE,<br><br>　　　　Defendants. | Case No. 3:20-cv-00731-SB<br><br>ORDER |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendations in this case on June 12, 2023. Judge Beckerman recommended that this Court deny defendants' motion for summary judgment as to plaintiff Robert Barror's Fourth Amendment claim against defendant Adam Raethke and grant defendants' motion for summary judgment as to plaintiff's *Monell* claim against defendant City of St. Helens. No party filed objections.

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* If no objections are filed, then no standard of review applies. However, further review by the district court *sua sponte* is not prohibited. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Upon review, I agree with Judge Beckerman's recommendations, but MODIFY the F & R to clarify the *Monell* claim analysis. Plaintiff's First Amended Complaint ("FAC") states, "Defendant City

1

of St. Helens fails to properly train their police officers in the use of force as described in Paragraph 9[.]" Paragraph nine of the FAC states, "Upon information and belief, Defendant City of St. Helens does not properly train their police officers in the use of force, especially as it relates to the use of force on disabled individuals and using lesser amounts of force when practical."

A plaintiff may prevail on a *Monell* claim if they show that a municipal custom or policy caused the violation of a constitutional right. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). Although *Monell* claims usually arise from alleged constitutional violations caused by a municipality's official policy, liability may also arise under *Monell* for a failure to train, supervise, or discipline. *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). When inadequate training is the basis of a *Monell* claim, liability arises "only where the failure to train amounts to deliberate indifference to the rights of persons with whom police come into contact." *City of Canton v. Harris*, 489 U.S. 379, 388 (1989).

Deliberate indifference can be established in three ways. First, the municipality made "a conscious or deliberate choice" not to train its officers by "disregard[ing] the known or obvious consequence that a particular omission in their training program would cause [municipality] employees to violate citizens' constitutional rights." *Flores v. Cnty. of L.A.*, 758 F.3d 1154, 1158-59 (9th Cir. 2014).

Second, "a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recuring situations," especially when there is a high likelihood "that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights." *Bd. Of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 409 (1997).

Third, "the existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident, is the 'moving force' behind the plaintiff's injury." *Id.* at 407-08.

Plaintiff argues that the City of St. Helens' ("City") use of force policy inadequately trains officers because it "does not contain any guidance regarding the use of force when a suspect is physically disabled or incapacitated" and that Officer Raethke received "no training related to verbal conflict and control[,]" "de-escalation techniques[,]" or "less violent uses of force" prior to plaintiff's arrest. Pl.'s Opp'n at 9-10. These allegations are insufficient to demonstrate that the City's provided training was deliberately indifferent. Plaintiff has not presented evidence that the City disregarded a known or obvious consequence by failing to include use of force training tailored to physically disabled or incapacitated suspects. For example, plaintiff did not provide (1) evidence or descriptions of such training in other jurisdictions, (2) evidence that such training is customary in other jurisdictions, or (3) evidence that the City knew, or should have known, that failure to provide such training would lead to constitutional right violations.

Although plaintiff asserts that constitutional right violations are a "highly predictable consequence" of failing to provide use of force training for physically disabled or incapacitated suspects, plaintiff provides no evidence substantiating this claim. For example, plaintiff does not provide (1) evidence of similar scenarios, (2) data or testimony on the number of physically disabled or incapacitated suspects that the City's officers interact with, or (3) evidence that such training would actually reduce the risk of potential constitutional right violations. For those same reasons, plaintiff has not provided evidence of the existence of a pattern of tortious conduct.

Therefore, defendants' motion for summary judgment, ECF [33], is DENIED with regard to plaintiff's Fourth Amendment claim against defendant Raethke and GRANTED with regard to plaintiff's *Monell* claim against defendant City of St. Helens.

IT IS SO ORDERED.

DATED this 18th day of August, 2023.

                Adrienne Nelson
                United States District Judge